UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FETTERMAN,

        Plaintiff,                      Case Number: 2:20-12020
                                                    Honorable Nancy G. Edmunds

v.

ANTHONY STEWART, et al.,

        Defendants.

_____/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

This matter is before the Court on Nicole Fetterman's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Fetterman is incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan. She names five defendants, all employees of the Michigan Department of Corrections (MDOC). Fetterman, who is proceeding *in forma pauperis*, alleges that defendants violated her rights under Eighth Amendment. The Court holds that Fetterman fails to state a claim upon which relief may be granted against defendants Stewart, Owens, and White. The Court dismisses Fetterman's claims against the defendants in their official capacities based upon Eleventh Amendment immunity. Fetterman's claims may proceed against defendants Peek and Hill in their personal capacities.

**I. Standard**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. Factual Allegations**

Fetterman alleges that on July 18, 2018 she was brutally assaulted by another inmate with whom she shared a cell. (ECF No. 1, PageID.7.) She suffered a fractured nasal cavity, numbness in her cheek bone, neck problems, increased migraines and severe post-traumatic stress disorder. (*Id.* at 8.)

Fetterman claims that, on the day before the assault, she advised defendant Peek, a corrections officer, that she had feared she would be attacked by one of her cellmates.

(*Id.* at 7.)  Defendant Peek did not offer her any protection.  (*Id.*)  The following day, Fetterman told defendant Hill, an assistant resident unit specialist, that her cellmates were threatening her.  (*Id.* at 7.)  Hill acknowledged that he heard the threats, but told Fetterman to go back in her cell because her cellmates would not harm her.  (*Id.*)  She returned to her cell as directed and was then assaulted.  (*Id.*)

Fetterman also claims that defendant Owens, identified as an MDOC inspector, refused to allow her to press charges.  (*Id.*)

Fetterman claims that defendants violated her Eighth Amendment rights by failing to protect her from this assault.  (*Id.* at 4.)  She seeks monetary and injunctive relief.

### III.  Discussion

#### A.  **Eleventh Amendment Immunity**

Fetterman sues all defendants in their personal and official capacities.  A suit against an MDOC employee in his or her official capacity is equivalent to a suit brought against the MDOC.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Id.*  at 66.  "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh

Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted).

Fetterman's claims against the defendants in their official capacities will be dismissed.

### B. Defendants Stewart and White

Fetterman fails to state a plausible claim against defendants Stewart, warden of the Huron Valley Correctional Facility, and White, an MDOC sergeant. A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights). Fetterman asserts no specific claims against Defendants Stewart and White, and fails to identify any specific actions taken by either defendant. The Court will dismiss defendants Stewart and White.

### C. Defendant Owens

Fetterman allege that defendant Owens, an inspector for the MDOC, "refused to let [her] press charges" presumably against the inmate who assaulted her. (ECF No. 1, PageID.7.) In Michigan, criminal statutes generally do not create a private cause of action. *Courser v. Allard*, — F.3d —, 2020 WL 4579463, *7 (6th Cir. Aug. 20, 2020). Since a "private citizen lacks a judicially cognizable interest in the prosecution ... of another," Fetterman cannot show that she had a right to press charges against her assailant

4

which defendant Owens denied. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent that Fetterman claims Owens denied her the right to press charges against her cellmate in a non-criminal context, she also fails to state a claim upon which relief may be granted. The lack of factual and legal detail surrounding this claim makes it insufficient to satisfy minimum notice pleading requirements. *Iqbal*, 556 U.S. at 678.

## IV.  Conclusion

For the reasons set forth, the Court dismisses defendants Stewart, Owens, and White. The Court also dismisses Fetterman's claims against the defendants in their official capacities because they are entitled to Eleventh Amendment immunity.

Fetterman's Eight Amendment claims against defendants Peek and Hill in their personal capacities may proceed.

SO ORDERED.

 s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2020