UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE FETTERMAN,<br><br>Plaintiff,<br><br>v.<br><br>CHLOE PEEK, *et al*.,<br><br>Defendants. | Case No. 20-12020<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)**

## I.    Introduction

Plaintiff Nicole Fetterman, a prisoner proceeding *pro se*, sues Chloe Peek, a corrections officer, and James Hill, an assistant resident unit supervisor, under 42 U.S.C. § 1983.  ECF Nos. 1.  Fetterman alleges that Peek and Hill failed to protect her from another prisoner who "brutally assaulted" her in July 2018.  *Id.*  Defendants move for summary judgment, contending that Fetterman failed to exhaust her administrative remedies. ECF No. 17.  The Court agrees and recommends that their motion be granted.

## II.    Analysis

"The Court shall grant summary judgment if the movant shows that

1

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id*. at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."  *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90,

2

93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original).  The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement.  *Id.*; *see also Woodford*, 548 U.S. at 97.  Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction."  *Woodford*, 548 U.S. at 97.  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The grievance procedure here is Michigan Department of Corrections (MDOC) Policy Directive 03.02.130.  ECF No. 17-2.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within

five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues.  *Id.*, PageID.93, ¶¶ P and V.  The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.*, PageID.95, ¶ BB. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.*, PageID.96, ¶ FF.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before filing suit.  The names of all individuals involved in the subject of the grievance must be included.  *Id.*, PageID.94, ¶ R.  A grievance may be rejected if it is "filed in an untimely manner."  *Id.*, PageID.92, ¶ G.

Fetterman filed a Step I grievance, number WHV-18-10-3207-28e, in July 2018, alleging that Hill consciously disregarded a known risk to her safety by ignoring her complaints of constant bullying.  ECF No. 17-3, PageID.108.  Hill contends that Fetterman failed to exhaust her administrative remedies against him because she did not timely file a Step II or Step III grievance.  ECF No. 17-4.  Fetterman counters that she could not proceed to a Step II grievance because she received no response to

4

her Step I grievance.  ECF No. 18, PageID.128.  Hill concedes that

Fetterman received no response to the Step I grievance.  ECF No. 17,

PageID.84; ECF No. 17-3, PageID.107; ECF No. 17-4, PageID.123.

But Fetterman's argument that she could not proceed to Step II is

wrong.  Under MDOC PD 03.02.130 ¶ BB, she had to file a Step II

grievance within ten business days after the Step I response was due even

though she received no Step I response.  Fetterman ultimately filed a Step

II grievance in June 2019, nearly eleven months after she filed the Step I

grievance.  ECF No. 17-3, PageID.107.  That Step II grievance and the

Step III grievance appealing it were properly rejected as untimely. ECF No.

17-3, PageID.109, 106; *Jones*, 549 U.S. at 218 (proper exhaustion

requirement not met when prisoner "missed deadlines set by the grievance

policy").

The Court has no discretion to excuse Fetterman's failure to exhaust

her administrative remedies against Hill even if her misunderstanding of the

required procedure was reasonable.  *Ross v. Blake*, 578 U.S. 632, 637-41

(2016).  Summary judgment in favor of Hill should be granted.

Fetterman also failed to exhaust her grievance against Peek in that

she did not name or otherwise identify Peek as a party being grieved.  *See*

*Lyles v. Papendick,* No. 19-10673, 2020 WL 5557649, at *2 (E.D. Mich.

Sept. 17, 2020) (grievance must give defendant fair notice of claims before she is sued).  Peek is thus entitled to summary judgment.

## III.    Conclusion

The Court **RECOMMENDS** that Defendants' Motion for Summary Judgment (ECF No. 17) be **GRANTED** and that Fetterman's complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 11, 2022


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2022.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager